FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JUL 19 2011

Civil Action No. 11-cv-01770-BNB

GREGORY C. LANGHAM
CLERK

JOSEPH SCOTT CARTER,

　　　　Plaintiff,

v.

KATHRYN ANN HEROLD,

　　　　Defendant.

---

## ORDER OF DISMISSAL

---

Plaintiff, Joseph Scott Carter, is being detained at the Colorado Mental Health Institute at Pueblo, Colorado, after being declared incompetent to stand trial on state criminal charges filed in Boulder County District Court Case Nos. 2010CR1184 and 2010CR1113. *See* June 17, 2011 Order of Dismissal in *Carter v. The State of Colorado*, Civil Action No. 11-cv-00684-LTB (Dkt No. 17) (detailing proceedings in Mr. Carter's state criminal case to date). He initiated this action by filing a Prisoner Complaint against the public defender who was appointed to represent him by the Boulder County District Court.

Mr. Carter has been granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss the action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action, in part, as legally frivolous.

Mr. Carter relies on 42 U.S.C. § 1983 as the jurisdictional basis for his claims. He asserts that the Defendant public defender has afforded him constitutionally inadequate representation in the state criminal action, and breached her contractual obligations to him, particularly with respect to issues concerning Mr. Carter's competency to stand trial. He further alleges that Defendant has not communicated with him adequately during the course of her representation and has failed to advise him about possible defenses to the criminal charges.

Mr. Carter's claims against his court-appointed defense attorney are not actionable under § 1983. Section § 1983 provides a cause of action against a person who deprives another of a constitutional or federal statutory right while acting under color of state law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151 (1970). A public defender representing an indigent defendant in a state criminal proceeding does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). Although a public defender may be paid with state funds, she acts independent of the state's authority, and instead exercises her independent judgment in representing a criminal defendant. *See Dodson*, 454 U.S. at 317-19. Mr. Carter, therefore, cannot recover under § 1983 against Defendant Herold, who is representing him in his state criminal proceeding. Accordingly, the § 1983 claims against Defendant Harold will be dismissed as legally frivolous.

Moreover, to the extent Mr. Carter's pleading could be construed as alleging that the Office of the Colorado State Public Defender is liable under § 1983 because that

office hired Defendant Herold and assigned her to represent Mr. Carter, the allegations also fail to state a claim on which relief may be granted because "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability," *Dodson*, 454 U.S. at 325.  Furthermore, it appears that the Office of the Colorado State Public Defender is an arm of the state, *see* COLO. REV. STAT. § 21-1-101(1), and, thus, is not a "person" amenable to suit under § 1983. *See McLaughlin v. Bd. of Trustees of State Colleges of CO*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Harris*, 51 F.3d at 905-06.

Mr. Carter also purports to allege a legal malpractice claim against defendant Herold under Colorado law.  However, he cannot maintain a state law cause of action in the federal district court if both he and the Defendant are citizens of Colorado.  *See* 28 U.S.C. § 1332(a)(1) (providing that federal district courts shall have original jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States).  To invoke federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

If Mr. Carter's intent was to file a legal malpractice claim against Defendant Harold under state law, "he should have, in the absence of diversity jurisdiction, filed that claim in an action in state court and, if necessary, sought a stay of that action." *Wallin v. Arapahoe County Detention Facility*, 244 F. App'x. 214, 219 (10th Cir. 2007) (unpublished) (citing *Morrison v. Goff*, 91 P.3d 1050, 1058 (Colo. 2004) (holding

3

that a criminal defendant must file a malpractice action within two years of discovering an attorney's negligence and may obtain a stay of that action pending resolution of the criminal case if necessary to avoid dismissal or jeopardizing defendant's rights).

Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED as follows:

(1) The § 1983 claims against Defendant Harold are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous; and

(2) The state law legal malpractice claims are dismissed without prejudice for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this  19th  day of ____July_____, 2011.

BY THE COURT:


 __s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01770-BNB

Joseph Scott Carter
Prisoner No.  97358
Colorado Mental Health Institute at Pueblo
1600 W 24th St
Pueblo, CO 81003

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 19, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk